UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID E. FOLTZ,
       Defendant.

Case # 16-MJ-511-JWF

DECISION AND ORDER

## INTRODUCTION

On January 22, 2016, Defendant David E. Foltz was charged with violating 18 U.S.C. § 2113(a). ECF No. 1. The criminal complaint alleges that Defendant committed several bank robberies in the summer and fall of 2015. *Id.* The Court assumes the parties' familiarity with the facts and procedural posture of this case.

## BACKGROUND

On May 9, 2018, Magistrate Judge Jonathan W. Feldman issued a Report and Recommendation[1] ("R&R") finding that Defendant is presently incompetent to stand trial. ECF No. 43. Specifically, Judge Feldman found that Defendant's "current cognitive, behavioral and psychiatric conditions preclude him from effectively interacting with his lawyer and properly assisting in his defense." *Id.* at 9. Judge Feldman also discussed and relied upon the reports and hearing testimony of several psychiatrists. *Id.* at 2-9. He concluded that Defendant "demonstrated by a preponderance of the evidence that he is currently not competent to stand trial." *Id.* at 10.

Pursuant to 18 U.S.C. § 4241(d), Judge Feldman also found that Defendant "should, <u>as soon as possible</u>, be 'hospitalize[d] . . . for treatment in a suitable facility' to determine whether

---

[1] Judge Feldman made this competency determination before indictment and thus before issuance of a referral order pursuant to 28 U.S.C. § 636. Because the Second Circuit has not addressed whether a magistrate judge is authorized to issue competency decisions with or without a referral order, Judge Feldman issued his findings in an R&R instead of a Decision and Order. ECF No. 43 at 10 n.1. Accordingly, the R&R was referred to this Court for review.

there is 'a substantial probability that in the foreseeable future he will attain the capacity . . . to go forward." *Id.* (quoting 18 U.S.C. § 4241(d)) (emphasis in R&R).

Although the parties had 14 days—*i.e.* until May 23, 2018—to object to the R&R, they have indicated that they do not object to Judge Feldman's findings. Specifically, on May 10, 2018, defense counsel indicated that he carefully reviewed Judge Feldman's R&R, does not object to its findings, does not plan to object within the 14-day period, and requested that this Court adopt the R&R. ECF No. 44. Similarly, on May 10, 2018, the government indicated that it did not object to the R&R. ECF No. 45.

## LEGAL STANDARD

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When the parties do not file objections, this Court is not required to review a magistrate judge's R&R *de novo*. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## DISCUSSION

Because the parties do not object to Judge Feldman's R&R, the Court may accept and adopt the R&R in its entirety without further judicial review. However, the Court nonetheless performed a "clear error" review of Judge Feldman's R&R.[2] Under this standard, the Court may "adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those

---

[2] The "clear error" review standard applies to the portions of an R&R that a party does not object to when the party objects to other portions of the R&R, or when a party's objections are conclusory, general, or without legal support. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2).

sections are not facially erroneous." *Batista v. Walker*, No. 94 CIV. 2826 (SS), 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995).

The Court reviewed Judge Feldman's R&R and does not find any portion of it "facially erroneous." Accordingly, the Court finds no clear error in Judge Feldman's recommendation that Defendant is presently incompetent to stand trial and that he should be hospitalized as soon as possible pursuant to 18 U.S.C. § 4241(d).

## CONCLUSION

The Court accepts and adopts Judge Feldman's R&R (ECF No. 43) in its entirety. Based on the urgency of Defendant's mental health condition, the Court orders that this matter be expedited so that Defendant may be transferred to a suitable facility as soon as possible.

IT IS SO ORDERED.

Dated: May 11, 2018
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          Chief Judge
                                          United States District Court